THE LAW OFFICES OF
# VINCENT J. MARTINELLI
ATTORNEY AND COUNSELOR AT LAW

*Executive Suites at The Park*
900 SOUTH AVENUE – 3ʳᵈ FLOOR
STATEN ISLAND, NY 10314
TELEPHONE: (718) 667-0500
VJMLAW@si.rr.com

ADMITTED IN NEW YORK
AND NEW JERSEY

November 5, 2020

**VIA ECF**

The Honorable William F. Kuntz, II
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

          **Re:   United States v. Vito DiFalco**
                Docket No. 18-337 (S-1) (WFK)

Dear Judge Kuntz:

      As Your Honor is already aware, I represent Mr. DiFalco on the above referenced matter.

      Consequently, I respectfully request that you consider this letter-motion as an application for modification of an imposed term of imprisonment under Title 18, USC § 3582(c)(1)(A)(i) and that Mr. DiFalco's sentence immediately be modified to "Time Served, with 3 year of Supervised Release to follow".

Introduction

      Your Honor sentenced Mr. DiFalco on August 5, 2020 to 37 months' imprisonment to be followed by three years of supervised release (*See* ECF No.'s 259 and 260). His currently scheduled projected release date from that sentence is February 24, 2021. *See* the attached Federal Bureau of Prison's official Sentence Monitoring Computation Data Form, dated September 2,

2020. Furthermore, his home detention eligibility date is *today*, November 5, 2020. Again, please *see* the attached sentence computation forms.

Argument

However, despite being sentenced exactly three (3) months ago on August 5, 2020, Mr. DiFalco continues to remain at MDC, which is now almost 28 months under the harshest of holding-facility conditions!

Further, I respectfully submit that because Mr. DiFalco has not been transferred to any designated prison facility, that his lack of transfer is the only reason why he has also not been considered for release to any community confinement facility (i.e., "halfway house") or has not been considered for any home detention release, both of which he is clearly eligible. Additionally, I also respectfully submit that he may have been recently *designated* to Ft. Dix, but cannot actually be transferred there because Ft. Dix is not presently accepting prisoners due to a recent outbreak of the COVID-19 pandemic specifically at Ft. Dix.[1] Thus, he unfairly remains at MDC because of the outbreak and he is also not being considered for any early release because his designation facility is the place that typically does the halfway house or other early-release requests.

Title 18, USC § 3582(c)(1)(A)(i) allows for Your Honor to modify any term of imprisonment if you find *"extraordinary and compelling reasons"*. In order to have standing to make this motion, Mr. DiFalco first needs to have made an application to the warden of his facility and either, (a) his internal appeals of any denials have been exhausted, or (b) the warden has not responded for a period of thirty (30) days. Mr. DiFalco made his application on August 5, 2020, and the warden of MDC has not responded for thirty (30) days. Please see the MDC email, attached. Additionally, I have personally spoken today to Mr. Michael Cardew, paralegal at the Legal Department at MDC. Mr. Cardew has informed me that such an email, attached, is the type/manner commonly used at MDC to request the relevant application under the statute, and further, that he cannot find any reply from the warden as of the time of the telephone call – which is longer than the thirty (30) days without a decision required in the statute, as of September 5, 2020.

---

[1] I believe the issue of the pandemic outbreak at Ft. Dix is heavily documented in the EDNY court, as of today.

Finally, any additional arguments that I would make toward modification of his sentence to "time served plus supervised release" due to "extraordinary and compelling reasons" were originally made to Your Honor very recently in the sentence memorandum that I submitted on his behalf (*See* ECF No. 235) and during his sentence hearing in August. Thus, for expediency I will not repeat the many arguments that were made at sentencing for a "time-served" sentence, here. Your Honor knows them thoroughly.

To put it mildly, I respectfully suggest that Mr. DiFalco is essentially now in BOP "purgatory" and, as such, his sentence may have unfairly become lengthier than anticipated by Your Honor or even the government. And along with the other arguments made at sentencing, these are exactly the type of "extraordinary and compelling reasons" needed for Your Honor to modify his sentence as requested.

Conclusion

In combination with the arguments made at the sentence hearing, because Mr. DiFalco is now <u>not</u> being considered for "halfway house" or other available "home-detention eligibility" – most probably because any designation to a permanent facility cannot be effectuated because of the national COVID-19 pandemic – the requirements of Title 18, USC § 3582(c)(1)(A)(i) have easily been satisfied.

I have not requested any recommendation from the Government on this issue to include in this motion.

Thanking you in advance for your time and consideration.


Very truly yours,

*Vincent Martinelli*

Vincent J. Martinelli



CC: All Parties via ECF